103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel C. ASHBY, Defendant-Appellant.
 No. 96-3501.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1996.
 
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Joel C. Ashby appeals a district court judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1996, Ashby pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A). The district court sentenced Ashby to 60 months of imprisonment and three years of supervised release and imposed a $100.00 special assessment. Ashby has filed a timely appeal, in which he argues that the district court should have awarded him a downward adjustment in his Sentencing Guideline range for being a minor participant in the criminal offense.
 
 
 3
 Upon review, we conclude that the district court properly denied Ashby a downward adjustment because he was not a minor participant in the criminal scheme. If the court determines that a defendant was a minor participant in the criminal activity underlying his conviction, the court decreases the defendant's total offense level by two points. USSG § 3B1.2(b). A minor participant is any participant who is less culpable than most other participants, but whose role cannot be described as minimal. USSG § 3B1.2, comment. (n. 3). The defendant must prove, by a preponderance of the evidence, that mitigating factors exist which warrant the reduction for a minor role in the offense. United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993). The district court's determination concerning a defendant's role in the offense constitutes a factual finding which is reviewed only for clear error. Id.
 
 
 4
 The district court did not commit clear error in denying Ashby's request for a reduced offense level under USSG § 3B1.2(b). Ashby admitted at his sentencing hearing that he recruited several individuals to act as couriers for the drug conspiracy. On at least one occasion, Ashby also acted as a courier when he transported a large quantity of cash to Charlotte, North Carolina. At the time of his arrest, Ashby was driving a co-conspirator to a hotel to obtain 20 kilograms of cocaine. Ashby's testimony at his sentencing hearing reflected a familiarity with the number of individuals involved in the conspiracy and the extent of the conspiracy. In light of these facts, Ashby was not a minor participant in the criminal activity.
 
 
 5
 Although Ashby now argues on appeal that he may alternatively be entitled to a four level reduction for being a minimal participant under USSG § 3B1.2(a), he did not raise this argument in the district court and, consequently, has waived consideration of the issue absent a finding of plain error. United States v. Nagl, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992). Since Ashby is not entitled to a reduction for being a minor participant, he clearly is not entitled to a minimal participant reduction under § 3B1.2(a).
 
 
 6
 Accordingly, this court affirms the district court's judgment.